**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| **GREGORY ARENA,** | : | Case No. 5:07 CV 0766 |
|  | : |  |
| **Plaintiff,** | : |  |
|  | : | **JUDGE KATHLEEN O'MALLEY** |
| v. | : |  |
|  | : |  |
| **MICHAEL J. ASTRUE ,** | : | **ORDER** |
| **Commissioner of Social Security** | : |  |
|  | : |  |
| **Defendant.** | : |  |
|  | : |  |

On March 16, 2007, Plaintiff, Gregory Arena ("Plaintiff" or "Arena"), filed a complaint (Doc. 1) under 42 U.S.C. §§ 405(g), seeking judicial review of the Social Security Administration's denial of his claims for disability insurance benefits ("DIB") and supplemental social security income ("SSI"). The instant action is brought following the Decision-Unfavorable of Administrative Law Judge Mark M. Carissimi (the "ALJ"). The Appeals Council declined to review that determination, making it the final administrative decision of the Commissioner of Social Security ("Commissioner"). In compliance with Local Rule 72.2(b), this matter was referred to Magistrate Judge David S. Perelman for further review. The Magistrate Judge issued his Report and Recommendation ("R&R") (Doc. 16) on January 16, 2008 and recommended that the decision of the ALJ be reversed and an order entered for remand pursuant to 42 U.S.C. § 405(g). The Commissioner has since filed timely objections to the R&R (Doc. 17) and Arena has filed a response to the Commissioner's objections (Doc. 18). For the reasons below, the Court finds the Commissioner's objections to be without merit and adopts the Magistrate Judge's R&R. Accordingly, the Commissioner's decision is **VACATED**, and this matter is **REMANDED**.

**I.     BACKGROUND**

The factual background of this action is sufficiently detailed in the Magistrate Judge's R&R. Neither party contends that the Magistrate Judge has incorrectly recited the facts and additional reiteration of them is unnecessary to the Court's resolution of the case.

**II.    DISCUSSION**

A claimant is considered disabled under the Social Security Act "if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c (a)(3)(A). On September 26, 2006, the ALJ ruled that Arena was not "disabled" and denied his applications for DIB and SSI. It is from this decision which Arena appeals.

In concluding whether Arena is disabled under 20 C.F.R.§§ 404.1520 and 416.905, the ALJ is required to perform a five-step sequential analysis. If, at any step during the evaluation, the ALJ determines that the claimant is not disabled, the analysis ends and the claimant will be denied his or her claim(s). The fifth step of the analysis, under which the Magistrate Judge recommended remand, provides:

> At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled. (See paragraph (g) of this section and § 404.1560(c))

20 C.F.R. §§ 404.1520(4)(v) and 416.920(4)(v). This last step governs the current matter.[1]

---

[1]     The ALJ concluded that: (1) Arena was not engaged in substantial gainful activity at any time relevant to the decision; (2) Arena has severe medically determinable

In denying Arena's claims, the ALJ largely disregarded the conclusion of Dr. Scott Rigby, Plaintiff's treating physician, that Arena was permanently disabled. Contrary to Dr. Rigby's opinion, the ALJ determined that Arena had the Residual Functional Capacity to lift, carry, push or pull ten pounds occasionally, to sit six to eight hours in a workday, and to stand and walk two hours in a workday, with normal breaks. He also concluded that Arena cannot kneel, crawl, or climb ladders, ropes, or scaffolds but can occasionally climb stairs and ramps. The ALJ restricted Arena to simple, routine tasks, involving only superficial contact with the public or co-workers, without negotiation or confrontation. The ALJ stated: "To the extent that Dr. Rigby appears to disagree that the claimant is capable of the requirements of sedentary work . . . his medical opinion is not persuasive and not entitled to deference." In re Gregory R. Arena, Social Security Administration, Decision of the ALJ., at 16 (Sept. 26, 2006).[2]

In reviewing the ALJ's decision, Magistrate Judge Perelman concluded that the ALJ improperly exercised independent medical expertise in drawing his conclusions as to Arena's disability status. The Magistrate Judge stated: "[t]his Court has regularly been recommending reversal of the defendant's final determination in cases in which the ALJ's decision reflects a determination resting upon the ALJ's interpretation of the medical evidence, unless it is absolutely

---

physical impairments; (3) Arena's impairments do not meet or equal an impairment listed in 20 C.F.R. part 404, subpart P, appendix 1 ("Listing of Impairments"); and, (4) Arena does not have the residual functional capacity to perform his past relevant work. See 20 C.F.R. §§ 404.1520(a)(4)(i)-(v).

[2] Sedentary work is defined by 20 C.F.R. § 404.1567(a) to involve lifting no more than ten pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. At the sedentary level of exertion, periods of standing or walking typically amount to no more than two hours out of an eight hour workday, with periods of sitting generally totaling six hours out of an eight hour workday. See SSR 83-10.

3

crystal clear that the medical evidence provides no basis for the claimant's alleged disability." Doc. 16 at 3. As discussed below, though the Court would likely articulate it in a different manner, under the circumstances present here the Court agrees with the Magistrate Judge's ultimate decision that the matter should be remanded for further medical testimony.

### A. Legal Standard

In reviewing claims brought under the Social Security Act, the Court does not review the matter *de novo*. Instead, the Court's task is limited to determining whether the Commissioner's final decision is supported by substantial evidence. See Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984); 5 U.S.C. § 706(2)(E); 42 U.S.C. § 405(g).

"'Substantial evidence' means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). The Sixth Circuit instructs that "[t]he substantial evidence standard allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decision maker can go either way without interference by the courts." Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (citing Baker v. Heckler, 730 F.2d 1147, 1150 (8th Cir. 1984)). If the Commissioner's determination is supported by substantial evidence, the Court will submit to that judgment, "even if there is substantial evidence in the record that would have supported an opposite conclusion." Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997). Here, the Commissioner's decision is not based on substantial evidence because it diverges from the treating physician's evaluation without adequate support.

4

**B.     Analysis**

For this Court's review, the Commissioner raises three objections to the R&R: (1) the Magistrate Judge applied the incorrect standard of review; (2) the Magistrate Judge found that the ALJ may not review medical evidence; and (3) the Magistrate Judge found that the ALJ erred by not reopening a previously denied application.

At the center of the Commissioner's first and second objections is the Magistrate Judge's rejection the ALJ's analysis of the medical evidence in the record. The Magistrate Judge concluded that the ALJ's evaluation and dismissal of plaintiff's treating physician's, July, 2006 assessment of Plaintiff was improper for want of expert testimony. In his objection, the Commissioner argues that, while medical expert opinion may prove beneficial in certain administrative proceedings, its inclusion as additional evidence is not a *necessary* precondition to the Commissioner reaching his final decision. Instead, the Commissioner notes that decision to consult a medical expert is discretionary and left to the judgment of the ALJ. See Foster v. Halter, 279 F.3d 348, 355 (6th Cir. 2001) ("An ALJ has discretion to determine whether further evidence, such as additional testing or expert testimony, is necessary"); see also Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 214 (6th Cir. 1986) ("The regulations do not require an ALJ to refer a claimant to a consultative specialist, but simply grant him the authority to do so if the existing medical sources do not contain sufficient evidence to make a determination."). The Court does not disagree with this statement of the law. In the present matter, however, the Court finds that the ALJ provided an inadequate basis for elevating the stale opinions of non-treating, state agency physicians over Arena's treating physician and, therefore, that the ALJ could not have reached his ultimate decision without the assistance of additional expert testimony.

5

**1.      The Commissioner's First and Second Objections**.

As explained above, the principal issue raised by the Commissioner's first and second objections turns on whether it was proper for the Magistrate Judge to determine that the ALJ erred in disagreeing with, and disregarding, the diagnosis of Dr. Rigby, the plaintiff's treating physician. As outlined below, the Court finds that, in the absence of further testimony from a medical expert, the ALJ's rejection of Dr. Rigby's findings was not based on "specific and good reasons." 20 C.F.R. § 404.1527(d)(2).

In his 2006 evaluation, Dr. Rigby concluded that Arena can sit, with frequent breaks to alleviate back pain, but cannot stand for prolonged periods of time. Likewise, the ALJ determined that Arena could sit for six to eight hours in a workday and walk and stand for no more than two hours per workday, all with normal breaks. The ALJ and Dr. Rigby, however, depart in their assessment of Arena's capacity to lift, carry, push, pull, and climb stairs and ramps. Dr. Rigby opined that Arena can never lift or carry any weight and should refrain from pushing or pulling, as well as climbing stairs and ramps, so as to not exacerbate his lower back pain and sciatica. In contrast, the ALJ determined that Arena could lift, carry, push, or pull ten pounds occasionally and could sometimes climb ramps and stairs.

The ALJ found the results of the most recent MRI, taken in April, 2006, to be largely unremarkable and, in fact, indicative of the absence of pain-causing disability. While it did report a small disc protrusion at L4-L5 with mild thecal sac and mild to moderate bilateral neural foraminal narrowing, the ALJ felt that it failed to indicate anything which would suggest any significant ongoing deterioration in function. The ALJ also found that a pain management evaluation – predating the MRI – was inconsistent with Dr. Rigby's opinion that Arena is incapable of sedentary

work. Finally, the ALJ considered two 2004 opinions from state agency physicians showing negative clinical findings. Considering the evidence as a whole, the ALJ concluded that the record "belie[d] Plaintiff's allegations of disabling pain and circumstances and Dr. Rigby's suggested extreme limitations." (Doc. 17 at 4). Thus, the ALJ engaged in his own personal interpretation of certain medical evidence and bolstered that interpretation by reference to medical opinions from 2004.

The medical opinion of a treating physician is accorded controlling weight if it is not inconsistent with the other substantial evidence in the record. 20 C.F.R. § 404.1527(d)(2). If the diagnosis of a treating physician is not afforded controlling weight, the ALJ must state specific and good reasons for not doing so. Id.; Kidd v. Commissioner of Social Security, No. 07-6111, 2008 WL 2564784, at (6th Cir. June 25, 2008). An ALJ should consider, *inter alia*, "the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source," when determining whether "good reasons" exist. Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004).

Concerning Dr. Rigby's opinion as to the nature and severity of Arena's exertional limitations, the Court finds that, while it is contradicted by some other evidence in the record, the contradictions articulated by the ALJ constitute an insufficient basis for rejecting the opinion of a treating physician. Specifically, the medical evidence relied upon by the ALJ predates both the evaluation of Arena's treating physician and Arena's most recent MRI – in some instances by over two years. In an effort to elevate Arena's prior evaluations by state physicians over the more recent MRI and the opinion of Arena's treating physician, the ALJ focuses on his own disagreement with

7

Dr. Rigby's assessment of the medical data and on largely insignificant evidence involving Arena's occasional trips to the grocery store and rare attendance at sporting events. The Court does not believe that this type of lay and anecdotal review satisfies the strictures of 20 C.F.R. § 404.1527(d)(2) which requires a detailed articulation of the reasons for rejecting the opinion of a treating physician. Upon full consideration of the evidence cited by the ALJ, the Court does not find an adequate basis to reject the treating physician's opinion. Instead, to the extent the ALJ possessed some doubt as to the thoroughness or accuracy of Dr. Rigby's opinion, the proper course of action here was to summon a medical expert to provide him with more information or to interpret the recent objective medical evidence (*i.e.*, the 2006 MRI).

### 2. The Commissioner's Third Objection.

Finally, the Magistrate Judge stated that the ALJ erred in refusing to reopen Arena's previous applications for SSI and DIB filed on July 22, 2003 and denied on November 14, 2003. The Magistrate Judge cited 20 C.F.R. §§ 404.988, *et seq.* and 416.1488, *et seq.* as guaranteeing Arena the privilege to reopen the prior applications as a matter of right because the applications which underlie this matter were filed within twelve months of the Commissioner's denial of those prior applications. A decision not to reopen a prior determination, however, is discretionary and not subject to judicial review absent a constitutional challenge – even where, as here, it appears clearly erroneous and in violation of the regulations. See Califano v. Sanders, 430 U.S. 99, 107-08 (1977); Rooney v. Shalala, 879 F.Supp. 252 (E.D.N.Y. 1995) (noting that the Secretary's decision not to reopen a previously adjudicated claim is generally not reviewable unless a claimant makes a colorable constitutional claim). Arena has not asserted a due process claim nor, indeed, is it even clear whether Arena properly requested reopening of his case and was rejected, or whether the ALJ's

finding of "no persuasive grounds to reopen[]" the prior cases is merely flawed dicta.[3] For these reasons, the Court will not review the ALJ's refusal to reopen Arena's previous applications.

### III. CONCLUSION.

For the foregoing reasons, the Court finds that the ALJ inappropriately acted as his own medical expert when reaching the conclusion that Arena was not "disabled" as that term is defined by the Social Security Act. As such, the Court **ADOPTS in part** the Magistrate Judge's R&R (Doc. 24) and **VACATES** the decision of the ALJ. This matter is **REMANDED** for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

                                          s/Kathleen M. O'Malley
                                       **KATHLEEN McDONALD O'MALLEY**
**Dated: September 8, 2008**                    **UNITED STATES DISTRICT JUDGE**

---

[3] As the Magistrate Judge observed in his R&R, "Plaintiff's brief does not directly challenge the ALJ's erroneous failure to grant reopening." (See R&R, at 4.)

9